**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| JOSÉ RODRÍGUEZ VIEIRA,<br><br>    Plaintiff<br><br>    v.<br><br>HONEYWELL INTERNATIONAL PUERTO RICO, INC.<br><br>    Defendants | CIVIL NO. 20-<br><br>AGE DISCRIMINATION<br>UNJUST DISMISSAL<br>DAMAGES<br><br>TRIAL BY JURY DEMANDED |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**TO THE HONORABLE COURT**:

COMES NOW plaintiff, José Rodríguez Vieira, his wife, Mrs. Olga Zambrano and the Conjugal Partnership constituted by both (collectively referred to as "Rodríguez"), through the undersigned attorney, and very respectfully state and pray:

**NATURE OF THE ACTION AND JURISDICTION**

1. This action is brought pursuant to the Age Discrimination in Employment Act, 29 U.S.C. § 601 *et seq.* ("ADEA") and Puerto Rico Law No. 100 of June 30, 1959, P.R. Stat. Tit. 29 §146 *et seq.*, ("Law No. 100"), seeking compensatory, double economic and liquidated damages, back pay, front pay and equitable and injunctive relief to seek redress for defendant's discrimination on the basis of age. Eng. Rodríguez also seeks relief for his unjust dismissal under Law No. 80 of May 30, 1976 ("Law No. 80"), P.R. Stat. Tit. 29 §185a *et seq.*

2. It is also a claim by Plaintiffs Olga Zambrano and the Rodríguez-Zambrano Conjugal Partnership seeking compensation for damages under Articles 1802 and 1803 of the Puerto Rico Civil Code as a result of the discriminatory actions against Rodríguez.

3. This court has jurisdiction to entertain this action pursuant to Section 7 of the ADEA, 29 U.S.C. § 626(c)(1), and under 28 U.S.C. §§ 1331 and 1343(a)(4). This court also has jurisdiction under 28 U.S.C. §1332 because complete diversity of citizenship exists between Rodríguez and defendant.

4. Venue is proper in this district pursuant to 28 U.S.C. §1391(b)(2), as a substantial part of the of facts and employment practices alleged in the Complaint occurred within or have minimum contacts with the judicial district of Puerto Rico.

## PARTIES

5. Plaintiff José Rodríguez is of legal age, an engineer, married to plaintiff Olga Zambrano and is a citizen of Puerto Rico for 28 U.S.C. §1332 purposes. Eng. Rodríguez is suing in his personal capacity and as co-administrator of the Rodríguez-Zambrano Conjugal Partnership.

6. Plaintiff Olga Zambrano ("Mrs. Zambrano") is of legal age, is married to Eng. Rodríguez and is a citizen of Puerto Rico for 28 U.S.C. §1332 purposes. Mrs. Zambrano is suing in her personal capacity and as co-administrator of the Rodríguez-Zambrano Conjugal-Partnership.

7. Plaintiff the Rodríguez-Zambrano Conjugal-Partnership is represented by its administrators, Eng. Rodríguez and Mrs. Zambrano and seeks compensation for its loss of income as a result of the discriminatory conduct by defendant.

8. Eng. Rodríguez was born on December 1, 1952 and is 67 years of age.

At all relevant times, Rodríguez was an employee under the provisions of ADEA, 29 U.S.C. §630(a)(1), and is within the protected class under ADEA, 29 U.S.C. §631(a).

9. There is no age limitation to be in the protected class under Law No. 100.

10. Rodríguez was, at all relevant times, an employee under all of the federal and local statutes upon which the requests for relief in this Complaint are predicated.

11. Defendant Honeywell International, Inc. (hereinafter referred to as "Honeywell") is a multinational corporation created under the laws of the State of Delaware and with its headquarters in the State of New Jersey.

12. Honeywell employs in excess of 500 employees.

13. At all times relevant to this case, Honeywell was an "employer" under the ADEA, 29 U.S.C. §630(b), and under Puerto Rico Law No. 100 of June 30, 1959, as amended.

## ADMINISTRATIVE PROCEEDINGS

14. Rodríguez repeats and incorporates by reference each and every preceding allegation as if fully set herein.

15. Rodríguez filed a timely charge of employment discrimination on the basis of age with the Anti-Discrimination Unit of the Department of Labor ("ADU") and the Equal Employment Opportunity Commission ("EEOC") on November 21, 2019 against Honeywell.

16. On February 4, 2020, Rodríguez requested the dismissal of the administrative charge and permission to sue in federal court.

17. The Notice of Dismissal and Right to Sue has not been issued by the EEOC.

18. The instant Complaint is being filed more than sixty (60) days from November 21, 2019, when Rodríguez filed his administrative charge with the ADU and the EEOC.

## THE NARATIVE

19. Rodríguez repeats and incorporates by reference each and every preceding allegation as if fully set herein.

20. Rodríguez began working for Honeywell as an Application Engineer on August 1, 1979.

21. Throughout his forty (40) years of service to Honeywell, Rodríguez was routinely promoted, including to the following positions within the organization:

    a.    Sales Engineer - (February 1982);

    b.    Sales Manager - February 1984);

    c.    Group Manager – (July 1985);

    d.    Latin America Marketing Manager – (February 1987);

    e.    General Manager – Venezuela – (July 1988);

    f.    General Manager – Brazil – (1992);

    g.    General Manager – Andean Region – (January 1996);

    h.    Manager Andean Countries – (January 2000);

    i.    Energy Business Leader – Andean – Caribbean Region – (January 2004);

    j.    Sales Manager – Andean – Caribbean Region – (May 2007);

    k.    Principal Account Manager – (Summit Account – October 2014).

22. On August 30, 2019, Honeywell terminated Rodríguez.

23. According to Honeywell, the termination responded to a reduction-in-force ("RIF") implemented by the company.

24. Rodríguez was informed of his termination by Mr. Rey Rivera ("Rivera"), Ms. Janet Aponte ("Aponte") and, via telephone, by Eng. Carlos Galvis ("Galvis").

25. They held the positions of Human Resources Manager (PR), Human Resources Administrator (PR) and Andean - Caribbean Region Sales Manager, respectively.

26. On the day of the termination, Rivera acknowledged to Rodríguez that it was not based on his performance.

27. Throughout Rodríguez's forty (40) year tenure at Honeywell his performance was always rated satisfactory and, on many occasions, he exceeded expectations.

28. Throughout Rodríguez's forty (40) year tenure at Honeywell Eng. Rodríguez was never reprimanded for improper conduct or unsatisfactory performance.

29. Throughout Rodríguez's forty (40) year tenure at Honeywell Eng. Rodríguez was routinely promoted.

30. Rodríguez was the only Honeywell employee working out of Puerto Rico who was terminated as a result of the RIF in 2019.

31. Towards the end of 2018, Honeywell appointed Galvis to the position of Sales Manager for the Andean - Caribbean Region.

32. Sometime after his arrival, Galvis commenced to strip Rodríguez of essential functions of his position and to assign him others of lesser magnitude.

33. Rodríguez continued to mentor the other Account Managers on how to perform and improve their rendition of their duties for the sales organization.

34. After Galvis arrived, he commenced to reassign several of the functions related to the Ecopetrol account for which Rodríguez had been primarily responsible up to that date.

35. These functions were mainly reassigned to Eng. Ángela Calle ("Calle").

36. The reduction in Rodríguez's principal duties came together with the assignment of responsibility for subpar and/or troublesome accounts to him.

37. Notwithstanding this discriminatory reduction of essential duties and the assignment of subpar and/or troublesome accounts, Rodríguez continued to perform in a satisfactory manner for Honeywell.

38. On July 17, 2019, Galvis and Rivera, without any prior notice, informed Rodríguez that due to the company's delicate financial situation in Puerto Rico, Honeywell would implement a reduction in force and that he may be affected.

39. Notwithstanding the adverse news, Rodríguez was reassured that he could apply to other positions that may be available within Honeywell.

40. Rodríguez's position as account manager was not the only one in Honeywell.

41. There were other Account Managers working out of Puerto Rico, in addition to the one eliminated through the RIF, which Eng. Rodríguez occupied.

42. All of the persons occupying the other Account Manager positions working out of Puerto Rico were more than ten (10) years younger than Rodríguez.

43. Rodríguez had more seniority than all other account managers, including those working out of Puerto Rico.

44. Ángela Calle was assigned to work from Colombia, but came under Rodríguez's supervision as part of his ultimate responsibility for the Ecopetrol account in Colombia.

45. During his forty (40) years at Honeywell, every time that Rodríguez would undergo a change in his employee status, he would be provided with prior notice.

46. As part of Honeywell's policy, the employment decisions, at least those affecting Rodríguez, were always documented.

47. On this occasion, Rodríguez was not given prior notice of the implementation of the RIF or of the elimination of his position.

48. According to Honeywell's policy in effect in the summer of 2019, the analysis leading to the decision to implement a RIF were to be documented.

49. According to Honeywell's policy in effect in the summer of 2019, the implementation and the decision-making process related to a RIF were to be documented.

50. Rodríguez was not notified of the other Account Manager positions affected by the RIF or of the ages of the employees holding Account Manager positions working out of the Andean-Caribbean Region, including Puerto Rico, at the time of the 2019 RIF.

51. After Rodríguez learned of the implementation of the 2019 RIF, he applied to two (2) positions in Puerto Rico that were available and for which he was qualified.

52. Rodríguez was not considered as a candidate for the two (2) positions to which he applied.

53. Rodríguez rejected interviewing for a third position that was available in the Andean & Caribbean Region after he found out that the base salary was much lower than that of Account Manager and it would require him to move to Trinidad/Tobago.

54. This last position was not comparable to the one from which Rodríguez was holding at the time.

55. Honeywell's failure to consider Rodríguez for the two positions in Puerto Rico, for which he applied, was due to his age.

56. But for Rodríguez's age, he would not have been terminated from his position as Principal Account Manager at Honeywell.

**FIRST CAUSE OF ACTION**

57. Rodríguez repeats and incorporates by reference each and every preceding allegation as if fully set herein.

58. Defendants' actions and/or omissions constitute violations of the ADEA.

59. Honeywell is liable to Rodríguez for backpay had he not been deprived of his employment because of his age.

60. As a result of defendants' discriminatory conduct, Rodríguez is entitled to injunctive relief in the form of backpay, which as of this filing exceeds $170,000.00, and continues to increase at the monthly rate of $15,407.10.

61. Rodríguez is also entitled to reinstatement to the position of Account Manager.

62. If the court determines that reinstatement is not practicable, Rodríguez is entitled to an award of front pay *in lieu* of reinstatement from Honeywell until he reaches age 72.

63. Rodríguez also requests an order directed at defendants to cease and desist of any further discriminatory conduct against him because of his age issue, effective at the time of his reinstatement.

## SECOND CAUSE OF ACTION

64. Rodríguez repeats and incorporates by reference each and every preceding allegation as if fully set herein.

65. Defendants' discriminatory practices against Rodríguez were willful and/or carried out with reckless disregard towards Rodríguez' rights under federal law.

66. Defendant's discriminatory conduct constitutes a willful violation of the ADEA and, as a result thereof, Honeywell is liable to Rodríguez for liquidated damages equal to twice the amount of his backpay.

### THIRD CAUSE OF ACTION

67. Rodríguez repeats and incorporates by reference each and every preceding allegation as if fully set herein.

68. Defendant's conduct constitutes discrimination on the basis of age under Law No. 100.

69. Rodríguez has suffered emotional and economic damages as a result of Honeywell's discrimination.

70. Honeywell is liable to Rodríguez for double the loss of income suffered by Rodríguez and to an award of damages to compensate for emotional pain and suffering as a result of their discrimination against him on the basis of age.

### FOURTH CAUSE OF ACTION

71. Rodríguez repeats and incorporates by reference each and every preceding allegation as if fully set herein.

72. But for his age, Rodríguez would not have been terminated, thus his discharge was without just cause in violation of Law No. 80.

73. Rodríguez had more seniority than the other Account Managers working out of Puerto Rico at the time of the 2019 RIF.

74. Rodríguez's highest salary during his last three full years in Honeywell was in 2016.

75. Honeywell reported Rodríguez's salary to the Puerto Rico Treasury Department for the year 2016 in the amount of $227, 861.24.

76. For purposes of calculating Rodríguez's indemnity under Law No. 80, his monthly salary ($227,861.24 / 12) is = $18,988.44.

77. For purposes of calculating Rodríguez's indemnity under Law No. 80, his weekly salary ($227,861.24 / 52) is = $4,381.95.

78. For purposes of calculating Rodríguez's indemnity under Law No. 80, the monthly salary is multiplied by 6 ($18,988.44 x 6) and is = $113,930.64.

79. For purposes of calculating Rodríguez's indemnity under Law No. 80, the weekly salary is multiplied by 3 weeks per full year of service (3 x 40 x $4,381.95) and is = $525,834.00.

80. Rodríguez's total indemnity under Law No. 80 is = $639,762.00.

81. Under Law No. 80, attorneys' fees are calculated in an amount no less than 15% of the total indemnity to which the employee is entitled.

82. In this case, the minimum attorneys' fees for which Honeywell is liable ($639,762.00 x .15) is = $95,964.30.

83. Under Law No. 80, Rodríguez's indemnity is $639,762.00, plus an award of attorneys' fees of no less than $95,964.30, for a total of $735,726.30.

84. Honeywell is liable to Rodríguez for these amounts.

## FIFTH CAUSE OF ACTION

85. Rodríguez and his wife, plaintiff Olga Zambrano, repeat and incorporate by reference each and every preceding allegation as if fully set herein.

86. As a proximate result of Honeywell's age discrimination against Rodríguez, Zambrano has suffered damages from seeing her life partner's emotional anguish, pain and suffering resulting from the reduction of duties, leading to his eventual termination from the employment which he performed in an outstanding manner throughout his forty-year tenure and to the humiliation related thereto.

87. Honeywell is liable to Zambrano for an award of damages to compensate for her emotional anguish, pain and suffering proximately caused by its age discrimination against Rodríguez under the Supreme Court of Puerto Rico's decision in *Santini v. Serv-Air,* 137 D.P.R. 1 (1994).

88. Zambrano's damages are estimated in an amount not less than $150,000.00.

## DEMAND FOR JURY TRIAL

89. Rodríguez demands that all causes of action be tried before a jury.

**WHEREFORE**, all premises considered, Rodríguez prays from this Honorable Court for the following relief:

1. An order directing Honeywell to reinstate Rodríguez to the Regional Account Manager or comparable position at Honeywell Puerto Rico and to desist of any discriminatory actions and/or omissions against him;

2. An award of backpay which, at the time of this filing exceeds $170,000.00, and continues to increase at the monthly rate of $15,407.10 and/or an award of front pay *in lieu* of reinstatement, if the court determines that reinstatement is impracticable as a matter of law;

3. Lost benefits, both past and future;

4. Compensatory and emotional damages in an amount not less than $300,000.00;

5. An award of liquidated damages equal to twice the back pay and fringe benefits lost by Rodríguez;

6. An award of double compensatory (economic) damages under Law No. 100;

7. Indemnity pursuant to Law No. 80, in the amount of $639,762.00, plus attorneys' fees in an amount no less than $95,964.30, for a total of 735,726.30.

8. An award of reasonable attorneys' fees, together with costs, litigation expenses and necessary disbursements under the ADEA and Law No. 100;

9.  An award of compensatory damages in no less than $150,000.00 to plaintiff Olga Zambrano, for her emotional pain and suffering resulting from Honeywell's discriminatory actions and/or omissions against Rodríguez.

10. Prejudgment interests;

11. An income tax differential for any amount to be paid by Rodríguez in excess of his usual personal income tax rate as a result of compensation for lost income and/or front pay received as relief for defendants' discriminatory and retaliatory conduct; and,

12. Any other remedies which this court may deem just and proper.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico this 13th day of August, 2020.

                                       **GONZÁLEZ MUÑOZ LAW OFFICES, PSC**
                                       P.O. Box 9024055
                                       San Juan, PR 00902-4055
                                       Tel. (787) 766-5052
                                       info@gonzalezmunozlaw.com

                                       *s/Juan Rafael González Muñoz*
                                       **Juan Rafael González Muñoz**
                                       USDCPR No. 202312